PEOPLE *ex rel.* NOYES *v.* BOARD OF CANVASSERS OF SENECA CO.

*(Supreme Court, Special Term, Monroe County.   December 1, 1890.)*

ELECTIONS AND VOTERS—CANVASSING BALLOTS—STATEMENTS BY INSPECTORS.

Laws N. Y. 1842, c. 130, tit. 4, § 42, (1 Rev. St., 8th Ed., p. 421,) requires the inspectors of election to attach to their statement of the result of the canvass of the votes cast in their respective districts sample ballots, with indorsement stating the number of each kind voted. Section 44 provides that the statement shall show the whole number of ballots taḱen for each person, designating the office for which, they are given, and that at the end thereof shall be a certificate subscribed by the inspectors that the statement is in all respects correct. Title 5, § 6, provides that the board of county canvassers shall estimate the votes of the county from "the original statements of the canvass in each district." *Held,* that the board of county canvassers must estimate the votes from the statements made by the inspectors, and not from the indorsements on the sample ballots attached to the statements.

Application by Henry T. Noyes for a peremptory writ of *mandamus* to the board of canvassers of Seneca county. Laws N. Y. 1842, c. 130, tit. 4, § 42, (1 Rev. St., 8th Ed., p. 421,) is as follows: "Sec. 42. The canvass shall be completed by ascertaining how many ballots of the same kind, corresponding in respect to the names of persons thereon, and the officers for which, they are designated, have been received and, the result being found, the inspector shall securely attach to a statement of such canvass one ballot of each kind found to have been given for the officers to be chosen at such election, any or either of them, except those given for electors of president and vice-president; and they shall state in words at full length, immediately opposite such ballot, and written partly on such ballot, and partly on the paper to which it shall be attached, the whole number of all the ballots that were received which correspond with the one so attached, so that one of each kind of the ballots received at such election for the officers then to be chosen shall be attached to such paper, with a statement of such canvass. They shall also attach to such paper the original ballots rejected by them as being defective, which were given at such election." Title 5, § 6, provides: "The original statements of the canvass in each district shall then be produced, and from them the board shall proceed to estimate the votes of the county, and shall make

such statements thereof as the nature of the election shall require. Such statements shall then be delivered to and deposited with the county clerk."

*William A. Sutherland,* for relator. *John B. Stanchfield* and *George Raines,* for respondent.

DAVY, J. This is an application for a peremptory writ of *mandamus* requiring the board of county canvassers of Seneca county to reconvene, and to correct certain errors committed by them in counting the votes for representative in congress, cast at the last general election in the first and second election districts of the town of Seneca Falls. It is admitted by the respondents that the board of canvassers made their estimate of the number of votes cast for representative in congress in the first and second districts, referred to, from the sample ballots attached to the inspectors' certificates instead of from the face of the returns. It appears from the affidavits of some of the inspectors of election in those districts that the face of the election returns contain a correct statement of the number of the votes cast for representative in congress, and that the sample ballots attached to the inspectors' certificates do not contain a correct statement. These facts are not denied by the respondents. It was the duty of the board of canvassers to count the votes that appeared upon the face of the returns, providing the returns were regular upon their faces; and, if they were not regular, the board should have returned them to the inspectors for correction. *People* v. *Board of Canvassers,* 64 How. Pr. 337: *Felt's Case,* 11 Abb. Pr. (N. S.) 207; *People* v. *Cook,* 8 N. Y. 67. It is plain, therefore, that the board of canvassers committed an error in disregarding the face of the returns, and in estimating the votes from the sample ballots attached to the inspectors' returns. Chapter 460 of the Laws of 1880 authorizes the supreme court, in proceedings by writ of *mandamus,* to correct errors in the determination of boards of county canvassers whenever it shall appear, by affidavit, that errors have occurred in their determination, and the court may, by order, require said board to correct such errors; and, if such board shall have made its determination and dissolved, it may be reconvened for the purpose of making such corrections as the court shall order. It appearing clearly from the affidavits read upon this motion that an error has been committed by the board of canvassers of said county, it is therefore the duty of the court, under the provisions of said act, to direct that said board be reconvened for the purpose of correcting said errors. A peremptory writ of *mandamus* must therefore be granted requiring the board of county canvassers of Seneca county forthwith to reconvene, and to estimate the votes given for representative in congress in the first and second districts of the town of Seneca Falls, in the words and figures appearing upon the face of the original returns of the inspectors of election, and that said board forward to the secretary of state a certificate containing the result of such recanvass.

1. ELECTIONS AND VOTERS—CANVASSING BALLOTS—STATEMENTS BY INSPECTORS.
    Laws N. Y. 1842, c. 130, tit. 4, § 42, (1 Rev. St., 8th Ed., p. 421,) requires the inspectors of election to attach to their statement of the result of the canvass of the votes cast in their respective districts sample ballots, with indorsements stating the number of each kind voted. Section 44 provides that the statement shall show the whole number of ballots taken for each person, designating the office for which they are given, and that at the end thereof shall be a certificate subscribed by the inspectors that the statement is in all respects correct. Title 5, § 6, provides that the board of county canvassers shall estimate the votes of the county from "the original statements of the canvass in each district." *Held,* that the board of